

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 813 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Allied Van Lines, Inc. vs. Aaron Transfer and Storage, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to transfer pursuant to 28 U.S.C. Section 1404(a) is granted. This case is hereby transferred to the Northern District of Texas, Forth Worth Division. Defendant's motion to dismiss for improper venue on the merits is denied. Defendants' motion to dismiss based on lack of personal jurisdiction, failure to state a claim and forum non conveniens is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

JS-6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLIED VAN LINES, INC., a Delaware )
corporation, )
 )
        Plaintiff, )
 )
 )   No. 02 C 0813
   v. )
 )   Judge Ruben Castillo
AARON TRANSFER AND STORAGE, INC., )
a Texas corporation, GRANT E. NICHOLS, )
an individual, JINA NICHOLS, an individual, )
NICHOLS TRANSFER, INC., a Texas )
corporation, and BEST APARTMENT )
MOVERS, INC., a Texas corporation, )
 )
        Defendants. )

**DOCKETED**

**MAY 1 4 2002**

## MEMORANDUM OPINION AND ORDER

In this suit, originally filed in state court, Plaintiff Allied Van Lines, Inc. ("Allied") sues Defendant Aaron Transfer and Storage, Inc. ("Aaron Transfer"), pursuant to 9 U.S.C. § 9, to confirm an arbitration award in favor of Allied (Count I). More importantly, for purposes of this opinion, Allied also sues Defendants Grant E. Nichols ("Grant") and Jina Nichols ("Jina"), Nichols Transfer, Inc. and Best Apartment Movers, Inc. (collectively "Defendants") for breach of guaranty (Counts II-IV). Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(3) based on lack of personal jurisdiction and improper venue. In the alternative, Defendants also move for dismissal based on *forum non conveniens* and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for transfer to the United States District Court for the Northern District of Texas, Fort Worth Division. For the following reasons, Defendants' motion to transfer venue is granted, (R. 12-3), and Defendants' motions to dismiss are denied as moot, (R. 12-2).

## RELEVANT FACTS

Allied is a Delaware corporation with its principal place of business in Naperville, Illinois. Defendants Aaron Transfer, Nichols Transfer and Best Apartment Movers are Texas corporations, all with their principal places of business in Euless, Texas. None of the three Defendant corporations has maintained a place of business in Illinois. Defendants Grant – President of Aaron Transfer, Nichols Transfer and Best Apartment Movers – and his wife Jina both reside in Texas.

Allied runs an interstate transportation of household goods business through agents. Aaron Transfer has functioned as both an independent moving and storage company and as an agent of Allied. The contact between Allied and Aaron Transfer began in late 1998 or early 1999, when Grant was approached by Paul Zinicki at Aaron Transfer's facility in Euless, Texas. Zinicki represented himself as an agent recruiter for Allied. During the approximately six weeks that followed Zinicki's initial visit, Zinicki visited Aaron Transfer's Texas facility on several occasions. After Grant and the staff of Aaron Transfer expressed interest in learning more about the agency opportunity, Zinicki presented Grant with forms inquiring about Aaron Transfer's financial condition, operation, size and facilities. Grant and his staff completed the forms and gave them to Zinicki during one of his visits to Aaron Transfer.

During this courtship period, Grant and another Aaron Transfer employee were invited to visit Allied's Illinois offices to meet several Allied employees. Grant and the employee made a trip to Chicago, at Allied's expense, on November 23-24, 1998. On November 23, 1998, Zinicki told Grant that it had not yet been decided whether Aaron Transfer would be invited to become an Allied agent. Before leaving Chicago, Grant was not given any indication as to whether

2

Aaron Transfer would receive an invitation and was not given any offer or proposed agency contract.

Following the Chicago trip, Allied representatives made several telephone calls to Aaron Transfer to discuss a possible agency relationship. After the calls, Allied delivered to Grant in Texas a proposed agency contract – accompanied by an equipment lease, other ancillary documents and guaranties to be signed by Grant and Jina individually and by Grant as President of Nichols Transfer and Best Apartment Movers. After reviewing the agency contract[1] and the three guaranties,[2] Grant signed all four documents on January 21, 1999 and returned them to Allied's Naperville office. Jina also signed the personal guaranty of payment.

Between January 25, 1999 and September 18, 1999, Aaron Transfer acted as an agent of Allied in Texas. Pursuant to the agency contract, Aaron Transfer booked, transported and serviced interstate shipments carried by Allied trucks and equipment. During the course of Allied and Aaron Transfer's agency relationship, representatives from Allied visited Aaron Transfer's Texas facility at least once every two months to train Aaron Transfer employees. Among Aaron Transfer's contacts with Illinois was transmitting business reports to Allied's Illinois office. Allied maintains that Aaron Transfer also registered its interstate shipments via computer in Allied's Illinois-based information technology infrastructure. (R. 16, Merchant Aff. ¶ 4.) In addition, Allied collected amounts due from Aaron Transfer's interstate shipment clients

---

[1] Paragraph 3.18 of the agency contract provides that it "shall be interpreted in accord with the laws of Illinois . . . ." (R. 7, Am. Compl., Ex. A, ¶ 3.18.)

[2] Only Grant and Jina's individual guaranty contains an Illinois choice of law provision. (R. 7, Am. Compl., Ex. E, ¶ 8.) The Nichols Transfer and Best Apartment Movers guaranties – signed by Grant as President of each corporation – do not contain choice of law provisions.

3

and maintained Aaron Transfer's agency account. Aaron Transfer's payments to Allied were to be made to Allied's Naperville, Illinois offices. Allied contends, however, that Aaron Transfer never made any payments on the balance due to Allied. (*Id.* at ¶ 5.) In September 1999, the agency relationship between Allied and Aaron Transfer ceased. Allied contends that Aaron Transfer was terminated as an Allied agent, whereas Grant maintains that he elected to terminate the agency contract pursuant to its terms. (*Id.*; R. 18, Grant Nichols Aff. ¶ 17.)

On October 15-16, 2001, Allied and Aaron Transfer arbitrated their dispute before the American Arbitration Association ("AAA") in Chicago, in accord with the arbitration provision contained in the agency contract. On November 5, 2001, the arbitrator ordered Aaron Transfer to pay Allied a sum of $129,415.16 and denied Aaron Transfer's counterclaim. The AAA provided Aaron Transfer with notice of the award, via its attorney, on November 9, 2001. Aaron Transfer – as well as guarantors Grant, Jina, Nichols Transfer and Best Apartment Movers – have failed to pay Allied the arbitration award amount.

As such, Allied has brought the present action to confirm the arbitration award against Aaron Transfer pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq*, (Count I), and to hold Grant and Jina, Nichols Transfer and Best Apartment Movers liable for the arbitration award pursuant to their guaranties (Counts II-IV). Defendants responded with motions to dismiss for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and improper venue, Fed. R. Civ. P. 12(b)(3), or, in the alternative, motions to dismiss based on *forum non conveniens* and failure to state a claim, Fed. R. Civ. P. 12(b)(6), or transfer to the United States District Court for the Northern District of Texas, Fort Worth Division.

## ANALYSIS

### I. Venue[3]

#### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(3)

Defendants move for dismissal on the grounds of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendants argue that if Allied had originally filed suit in this Court, venue would not have been proper under the general venue statute, 28 U.S.C. § 1391. Allied contends that 28 U.S.C. § 1441, not § 1391, governs the venue of removed actions and, furthermore, that Defendants waived their rights to challenge venue in this Court by voluntarily removing the case from state court to federal court.[4]

Venue in an action removed from state court to federal court is governed by the removal statute, 28 U.S.C. § 1441, not by the general venue statute, 28 U.S.C. § 1391. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)"). Although the Seventh Circuit has not determined whether

---

[3] It is permissible for courts to consider venue before personal jurisdiction. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (courts may, when there is a sound prudential justification, consider venue before personal jurisdiction). *See, e.g., Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770 (1998). We need not have personal jurisdiction over Defendants in order to transfer the suit under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (citation omitted).

[4] We reject Allied's argument that Defendants waived any objections to venue by removing this suit to federal court. Given the division of authority on this issue, we find it prudent to reject Allied's waiver argument and address the merits of Defendants' motion for improper venue. *See Seaboard Rice Milling Co. v. Chi., Rock Is. & Pac. Ry. Co.*, 270 U.S. 363 (1926); *Burlington N. & Santa Fe Ry. v. Herzog Svcs.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998). *But see, e.g., Lambert v. Kysar*, 983 F.2d 1110, 1113 (1st Cir. 1993).

§ 1391 or § 1441 applies to the venue of removed actions, courts in the Northern District of Illinois have applied § 1441 to analyze the venue of removed actions. *See Gen. Accident Ins. Co. v. Travelers Corp.*, 666 F. Supp. 1203, 1206 (N.D. Ill. 1987); *Grant v. Kitnick*, 1994 WL 258877, at *2 (N.D. Ill. June 9, 1994); *Ratnaswamy v. Air Afrique*, 1996 WL 507267, at *11 (N.D. Ill. Sept. 4, 1996). Furthermore, the Second Circuit, in a recent discussion of post-removal venue challenges, noted that § 1441, not § 1391, governs venue in removed cases. *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65 (2nd Cir. 1998) (citing *Polizzi*, 345 U.S. at 665-66). As such, pursuant to § 1441, venue of a removed action is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, a party may not challenge venue "as if the case had originally been brought [in the removed court]." *PT United*, 138 F.3d at 72 (citation omitted).[5]

In this case, the underlying state court action was filed in the Circuit Court in DuPage County, Illinois. Removal to the Northern District of Illinois was proper as this district "embraces" DuPage County. 28 U.S.C. § 1441(a). Therefore, because venue is this Court is proper, we deny Defendants' motion to dismiss on the grounds of improper venue.

**B. Transfer under 28 U.S.C. § 1404**

In the alternative, Defendants request a transfer of this case to the Fort Worth Division of

---

[5] *PT United* further elaborates that a party who removes an action from state to federal court does not waive the defense of improper venue as to the *underlying state court action*. *PT United*, 138 F.3d at 72-73. In this case, Defendants do not offer any evidence that they objected to venue in the underlying state court action, do not currently offer any argument as to why venue was improper in the state court, and focus on federal venue law, as opposed to Illinois venue law, in their pleadings. As such, we will not treat Defendants' arguments as directed toward the impropriety of the state court venue.

the United States District Court for the Northern District of Texas, primarily arguing that the witnesses, documentation and other information related to Allied's complaint are located in Euless, Texas. Allied argues that the case should remain in this Court and reject Defendants' contention that the dispute is centered in Texas.

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer under § 1404(a) is appropriate if: (1) venue is proper in the transferor court; (2) venue and jurisdiction are proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and the interest of justice. *See Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). In considering the convenience of the parties and witnesses, the Court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *See Hanley*, 6 F. Supp. 2d at 774-76. In considering the interest of justice, the Court should consider, *inter alia*: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id.* at 776-77. While examining all the factors for and against transfer, the Court must bear in mind that the moving party bears the burden of establishing that the transferee court is the more convenient forum. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Weighing the factors for and against transfer is committed to the discretion of the trial court. *Id.* at 219.

The Court has already established that venue is proper in this Court.[6] Venue is also proper in the transferee court because all Defendants reside in Texas. 28 U.S.C. § 1391(a)(1). Furthermore, Defendants apparently concede jurisdiction in Texas, as they seek transfer to that district. The parties devote most of their transfer discussion to the issues of convenience to the parties and witnesses and the interests of justice. Consequently, the Court will proceed to address the various factors militating for and against transfer.

First, the convenience of witnesses factor is not relevant to the transfer inquiry as the parties have not produced witness lists. Allied produced the affidavit of Manager of Agent Credit Sheeraz Merchant, who is willing to testify to Defendants alleged failure to pay, but, because Merchant is an employee of Allied, any inconvenience to him is given little weight. *See Hanley*, 6 F. Supp. 2d at 775.

Second, the ease of access to sources of proof slightly favors a transfer to the Northern District of Texas. Allied argues that most of the documents necessary to this action are already present in Illinois as a result of the prior arbitration proceeding. Defendants place relevant documents and information in Euless, Texas, the principal place of business of the two corporate guarantors – Nichols Transfer and Best Apartment Movers – and the residence of individual guarantors Grant and Jina. Defendants further contend that the arbitration did not reach the question of guaranties. Therefore, the Court is persuaded that many of the documents related to the question of guaranties are located in Euless, Texas.

Third, many of the material events related to the agency contract and the accompanying

---

[6] Even if venue were improper in this Court, we could still transfer the case pursuant to 28 U.S.C. § 1406(a).

8

guaranties took place in Texas, thus warranting a transfer to the Northern District of Texas. Defendants emphasize that much of Allied's recruiting of Aaron Transfer – including the initial visit by Zinicki – took place in Texas. An Allied representative made numerous visits to Aaron Transfer's Texas facility during the recruiting process. Grant made one informational trip to Allied's Illinois headquarters, but no contract was executed during that visit. Instead, communication continued between Allied and Aaron Transfer in Texas. Furthermore, Grant signed the agency contract and all three guarantees in Texas. In arguing against transfer, Allied contends that payments by Aaron Transfer and its guarantors were to be made to Allied's headquarters in Illinois. Many of the other duties attaching to Aaron Transfer upon executing the contract, however, were to occur in Texas. (R. 7, Am. Compl., Ex. A, ¶ 2.)

Fourth, the convenience of the parties favors a transfer to the Northern District of Texas. In considering this factor, the Court should consider the parties' respective residences and their ability to bear the expenses of litigating in a particular forum. *Hanley*, 6 F. Supp. 2d at 776 (citation omitted). Allied is a national corporation, incorporated in Delaware with its principal place of business in Illinois. Allied itself contends that it is a large business employing hundreds of employees. (R. 15, Pl.'s Resp. at 10.) As such, Allied can bear the expense of litigating in Texas, a location where they have actively sought business. In contrast, Aaron Transfer, Nichols Transfer and Best Apartment Movers are local corporations. As President of all three corporations, Grant appears to be involved in the management of the corporations. There is no evidence as to the financial condition of the Defendant corporations but, from the pleadings, we glean that they are local, family-managed businesses. Therefore, the hardship of litigating in an out-of-state forum is less a burden on Allied than it would be on Defendants. After careful

review, the Court finds that – given the situs of material events in Texas and the inconvenience to Defendants of litigating in Illinois – the convenience of the parties favors transfer to the Northern District of Texas.[7]

Next, the Court must consider whether a transfer is in the interest of justice. While examining this prong, the Court should keep in mind that this inquiry "embraces traditional notions of judicial economy, rather than the private interests of the litigants . . . ." *Hanley*, 6 F. Supp. 2d at 776-77 (quotation and citation omitted). First, the dispute will be more readily handled by the Northern District of Texas than the Northern District of Illinois in light of the Texas district's lighter caseload and the similar disposition times of both districts.[8] Second, we are not persuaded that this Court will be more familiar with the applicable law than a Texas court. Plaintiff's cause of action in Count I is under the Federal Arbitration Act, with which our colleagues in the Northern District of Texas are no doubt well-acquainted. In addition and in contrast to Allied's representation, only one of the guaranties – the personal guaranty of Grant and Jina – contains an Illinois choice of law clause. The guarantees of the two Texas corporations do not contain Illinois choice of law clauses. Therefore, the familiarity with applicable law factor does not weigh against transfer. In relation to the desirability of resolving

---

[7] Although one factor – plaintiff's choice of forum – militates against transfer, it is not dispositive. *See Hanley*, 6 F. Supp. 2d at 774-75 (plaintiff's choice of forum is not absolute and will not defeat a well-founded motion to transfer).

[8] The Federal Court Management Statistics for 2001 reveal that the Northern District of Illinois has a significantly larger caseload than the Northern District of Texas. The Northern District of Illinois had 10,957 filings and 8,271 pending cases in 2001 whereas the Northern District of Texas had 5,991 filings and 4,342 pending cases. The median disposition time in both districts is comparable, however, with the Northern District of Illinois at 5.6 months and the Northern District of Texas at 7.1 months.

controversies in each locale and the interest of each community in the occurrence at issue, the Court believes that both Illinois and Texas have interests in this dispute.

Most significantly, however, the Court emphasizes that personal jurisdiction over Defendants in Illinois is vigorously disputed in this case and the subject of a motion to dismiss. Allied, relying on *TruServ Corporation v. ST Yards Incorporated*, No. 99 C 6806, 2001 WL 743642 (N.D. Ill. 2001), argues that this Court has personal jurisdiction over the Texas guarantors. The instant case, however, lacks the Illinois forum selection clause and extensive Illinois contacts that were determinative in *TruServ*, such that we doubt our ability to exercise personal jurisdiction over the Texas guarantors. Therefore, transferring the case to the Northern District of Texas – where personal jurisdiction over Defendants exists – will avoid the contentious personal jurisdiction issue in this Court and conserve judicial resources. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002). In short, this Court finds that transfer to the Northern District of Texas under 28 U.S.C. § 1404 is warranted for the convenience of the parties and in the interest of justice.

## CONCLUSION

For the reasons outlined above, the Court grants Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a). (R. 12-3.) In addition, the Court denies Defendants' motion to dismiss for improper venue on the merits and denies Defendants' motions to dismiss based on lack of personal jurisdiction, failure to state a claim and *forum non conveniens* as moot. (R. 12-2.)

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

Dated: May 13, 2002

11